UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN D. TEMPLE, | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. 4:10-cv-5160 |
| VS. | § |
| | § |
| GUY HAROLD BOGAR, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Unopposed Motion for Leave to File a Third Amended Complaint (Doc. No. 66) and Plaintiff's Opposed Motion to Remand (Doc. No. 30). This Court granted a prior Motion for Leave to File a Third Amended Complaint, but as that Motion contained an outdated Certificate of Conference, the Court **VACATES** its prior Order (Doc. No. 55). The Court hereby **GRANTS** Plaintiff's Unopposed Amended Motion for Leave to File a Third Amended Complaint (Doc. No. 66). For the reasons explained below, the Court concludes that this case must be **REMANDED** to state court.

Plaintiff Stephan Temple ("Plaintiff" or "Temple") originally brought this lawsuit against Guy Harold Bogar ("Bogar") and EAN Holdings ("EAN") in state court. Temple alleges that he was in a car accident caused by Bogar, and that Bogar was acting negligently and carelessly at the time of the accident. (Third Am. Compl. 2-3.) Bogar and EAN removed this action to this Court pursuant to its diversity jurisdiction. The Court granted Temple's Unopposed Motion for Leave to Amend Complaint to add Holly

Corporation ("Holly"), a non-diverse party, to the lawsuit, as Temple believed Bogar was employed by Holly at the time of the accident. (Doc. No. 8.) Temple also dismissed EAN from the lawsuit. (Doc. No. 10.) Temple then filed a Motion to Remand. (Doc. No. 30.) Bogar and Holly responded, arguing improper joinder and including an affidavit from Bogar attesting that Holly was not his employer at the time of the accident; rather, he was in the employment of Holly Refining & Marketing Company—Woods Cross, LLC ("Holly Refining"). (Doc. No. 51-1, Affidavit of Guy Harold Bogar ¶ 3.) Temple has now filed a Third Amended Complaint, adding Holly Refining as a party to the lawsuit.

According to the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, a party must show either actual fraud in the pleading of jurisdictional facts, or inability of the plaintiff to establish a cause of action against the non-diverse party. *Smallwood v. Ill. Cent R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 922, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). However, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). In other words, "when a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest the joinder before it occurs and must rely upon the fraudulent joinder doctrine." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Cobb*, 186 F.3d at 678). Conversely, "a diverse defendant can argue that a *post*-removal joinder is improper *before* the court grants the plaintiff leave to amend." *Id.* (citing *Cobb*, 186 F.3d at 678). "Thus, once a

court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, '[t]he court [loses] subject matter jurisdiction,' and remand is required pursuant to 28 U.S.C. § 1447(e)." *Id.* (quoting *Cobb*, 186 F.3d at 678).

Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." Holly was added as a party *after* removal to federal court, and the Third Amended Complaint adds yet another non-diverse party. Therefore, the fraudulent joinder doctrine does not apply. Pursuant to 28 U.S.C. § 1447(e), this Court must remand this action to state court.

For the reasons explained above, Plaintiff's Motion to Remand (Doc. No. 30) is **GRANTED.** This case is hereby **REMANDED** to the 23rd Judicial District of Brazoria County, Texas.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas this 7th day of February, 2012.

_____
KEITH P. ELLISON
**UNITED STATES DISTRICT JUDGE**